| |
|---|
| **Torello v Williams** |
| 2025 NY Slip Op 30593(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159072/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. JUDY H. KIM</u>

*Justice*

PART     04

-----------------------------------------------------------------------------X

DON TORELLO,

Plaintiff,

- v -

MORTON WILLIAMS SUPERMARKETS, INC.,MARLO TOWERS OWNERS, INC.,HALSTEAD MANAGEMENT COMPANY, LLC,GRAY & WHITE HOLDING, LLC,GRAY & WHITE MARKETS, INC.,RBG MANAGEMENT CORP., MARLO-WOODS, LLC,MARLO WOODS, L.P.,

Defendants.

-----------------------------------------------------------------------------X

| INDEX NO. | 159072/2021 |
| MOTION DATE | 01/17/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 78, 79, 80

were read on this motion for          MISCELLANEOUS          .

Upon the foregoing documents, defendants Morton Williams Supermarkets, Inc., Marlo Towers Owners, Inc., and Halstead Management Company, LLC's motion is granted, in part, to the extent set forth below.

## FACTUAL BACKGROUND

On October 4, 2021, plaintiff commenced this action against defendants Morton Williams Supermarkets, Inc., Marlo Towers Owners, Inc., and Halstead Management Company, LLC (collectively, "Defendants"), alleging that on April 15, 2021, plaintiff suffered injuries when he tripped and fell at 908 Second Avenue in Manhattan (the "Premises") (NYSCEF Doc. No. 1 [Complaint at ¶48]).

In a status conference order dated December 5, 2023, the parties were directed to conduct depositions throughout March 2024 and defendants were directed to designate any IMEs by April

**159072/2021   TORELLO, DON vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**
**Motion No.  003**

**Page 1 of 4**

1 of 4

7, 2024, which IMEs were to be held by April 26, 2024 (NYSCEF Doc. No. 41). On March 1, 2024, defendants noticed an IME on plaintiff for March 21, 2024. That IME was cancelled, at plaintiff's request, on March 20, 2024 (NYSCEF Doc. No. 51 [Aff. in Support at ¶¶12-13]). As a result, defendants were charged a late cancellation fee of $600.00 (*see* NYSCEF Doc. No. 58 [Invoice]). Defendants then noticed plaintiff's IME for April 18, 2024. Plaintiff failed to appear for that IME, and defendants incurred a no-show fee of $600.00 (*see* NYSCEF Doc. No. 60 [Invoice]). Defendants noticed another IME for June 20, 2024, for which plaintiff failed to appear, and defendants incurred another no-show fee of $600.00 (*see* NYSCEF Doc. No. 62 [Invoice]). Defendants then noticed another IME for August 15, 2024.

On July 26, 2024, defendants moved pursuant to CPLR 3126, to compel plaintiff to reimburse these cancellation and no-show fees—including any fees incurred if plaintiff failed to appear for the upcoming August 15, 2024 IME—and preclude plaintiff from offering any evidence regarding his alleged injuries at trial. Plaintiff has not opposed the motion. In a further affirmation submitted on August 20, 2024, counsel for defendants avers that plaintiff did not appear for the August 15, 2024 IME, resulting in a no show fee of $600.00 for defendants.

## DISCUSSION

CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." Under that statute, "the Court has discretion to impose reimbursement for the missed IME appointments billed to a defendant or defendants' counsel" (*Miller v The City of New York*, 2015 WL 1523238 [Sup Ct, NY County 2015] *citing Flynn v Debonis*, 246 AD2d 852 [3d Dept 1998] and *Renford v Lizardo*, 104 AD2d 717, 718 [4th Dept 1984]). Accordingly, that branch of defendants' motion seeking reimbursement of the cancellation and no show fees incurred is

159072/2021   TORELLO, DON vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL          Page 2 of 4
Motion No.  003

2 of 4

granted, as they have established their entitlement to such reimbursement through proof that they duly noticed these IMEs, that plaintiff failed to appear for same without a reasonable excuse and, as a result, defendants incurred $2,400.00 due to late cancellation and no show fees of $600.00 on March 21, 2024, April 18, 2024, June 20, 2024, and August 15, 2024 (*see e.g.*, *Janicki v Beaux Arts II LLC*, 2016 NY Slip Op 30614[U] [Sup Ct, NY County 2016]).

At this juncture, however, the Court declines to preclude plaintiff from offering evidence regarding his alleged injuries at trial. While such a sanction may be "warranted when a party repeatedly and persistently fails to comply with several disclosure orders issued by the court" (*Gonzalez v 431 E. 115 St. LLC*, 68 Misc 3d 1207(A) [Sup Ct, NY County 2020] *citing Min Yoon v Costello*, 29 AD3d 407 [1st Dept 2006]), the Court declines to do so at present, since the prior Court orders did not notify plaintiff that his failure to respond to defendants' discovery demands would result in such an extreme sanction (*id.*). However, given the age of this case and plaintiff's repeated failures to appear for an IME, the Court concludes that a conditional order of prelusion is appropriate. Accordingly, defendants shall, within thirty days of the date of this order, notice another IME, which IME is to be held within thirty days of such notice, and if plaintiff fails to appear for this IME, plaintiff will be precluded from offering evidence regarding his alleged injuries at trial.

Accordingly, it is hereby

**ORDERED** that defendants Morton Williams Supermarkets, Inc., Marlo Towers Owners, Inc., and Halstead Management Company, LLC's motion is granted to the extent that plaintiff is directed to pay defendants' counsel the sum of $2,400.00 within thirty days of the date of this decision and order; and it is further

159072/2021   TORELLO, DON vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL          Page 3 of 4
Motion No.  003

3 of 4

**ORDERED** that defendants are to notice an IME within thirty days of the date of this decision and order, which IME is to be held within thirty days of such notice; and it is further

**ORDERED** that, should plaintiff fail to appear for said independent medical examination, defendants shall file an affirmation, upon due notice, detailing plaintiff's failure to appear and renewing this motion, at which time the Court will grant that branch of defendants' motion to preclude plaintiff from offering evidence regarding his alleged injuries at trial.

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **2/21/2025** | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159072/2021   TORELLO, DON vs. MORTON WILLIAMS SUPERMARKETS, INC. ET AL**                    **Page 4 of 4**
**Motion No.  003**

[* 4]                                                          4 of 4